**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

**UNITED STATES OF AMERICA :**
**: CRIMINAL NO. 7:12-CR-13 (HL)**
**v. :**
**:**
**BRANDICE B. WINKFIELD :**
**:**

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, on July 16, 2012, Defendant Brandice B. Winkfield (hereinafter referred to as ADefendant@) pled guilty to Count Three of an Indictment charging that the Defendant, did, with intent to deceive another, make and possess falsely made, forged and counterfeit securities of the State of Georgia, specifically five counterfeit checks of the Georgia Department of Revenue drawn against Bank of America, NA, and of an organization, specifically four counterfeit checks of Asurion Corporation drawn against Bank of America, NA, organizations which operate in and affect interstate commerce, in violation of Title 18, United States Code, Section 513(a) and Section 2;

AND WHEREAS, the Court has determined, based on the evidence already in the record and Defendant=s Plea Agreement: (1) that Defendant has an ownership interest in the following property; (2) that the following property is subject to forfeiture pursuant to 18 U.S.C. ' 492 and 28 U.S.C. ' 2461; and (3) that the United States has established the requisite nexus between the aforesaid offense and the aforementioned property to wit:

**PERSONAL PROPERTY**

(1) One (1) Dell Computer, Model DCMA, Serial Number 7PFC2G1;

(2) One (1) HP Pavilion Laptop Computer, Model DV 5000, Serial Number CND62932DV;

(3) One (1) HP Laptop Computer, Model Mini 210-1199DX, Serial Number CNF0230V6G; and

(4) One (1) Acer Laptop, Model KAV60, Serial Number LUS700DO539450E4331601;

AND WHEREAS, the Defendant agreed to waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of any such forfeiture at sentencing, and incorporation of any such forfeiture in the judgment, and further waived that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise the Defendant of this, pursuant to FED. R. CRIM. P. 11(b)(1)(J), at the time Defendant=s guilty plea was accepted;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

Upon entry of this Order, the Secretary of Treasury or his designee is authorized to seize the property, and to conduct proper discovery in identifying, locating or disposing of the property in accordance with FED. R. CRIM. P. 32.2(b)(3) and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Order.

The United States shall publish notice of the Order and its intent to dispose of the property in such a manner as the Secretary of Treasury or his designee may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property.

Any person, other than the above-named defendant, asserting a legal interest in the property must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. ' 853(n), incorporated by 28 U.S.C. ' 2461(c).

**Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment**. If no third-party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

Any petition filed by a third-party asserting an interest in the property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner=s right, title or interest in the property, the time and circumstances of the petitioner=s acquisition of the right, title or interest in the property, any additional facts supporting the petitioner=s claim and the relief sought.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the

Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court=s disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. ' 853(n) for the filing of third-party petitions, incorporated by 28 U.S.C. ' 2461(c).

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

SO ORDERED, this 30th day of July, 2012.

s/ Hugh Lawson
HUGH LAWSON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

PREPARED BY:
s/ DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO. 052683